# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KAREEM JACKSON,<br>Petitioner,<br><br>vs.<br><br>TIM SHOOP, WARDEN<br>CHILLICOTHE CORRECTIONAL<br>INSTITUTION,<br>Respondent. | Case No. 2:18-cv-215<br>Black, J.<br>Litkovitz, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

This capital habeas corpus case is before the Court on Respondent's Motion for Order to Transfer to the Sixth Circuit as a Second Petition (Doc. 5). Petitioner Jackson has opposed Respondent's Motion (Doc. 7), and Respondent has filed his Reply (Doc. 8). Oral arguments were heard on April 23, 2018, and the matter is now ripe for decision. For the reasons stated below, the Magistrate Judge recommends that Jackson's petition be transferred to the Sixth Circuit Court of Appeals as a second-or-successive habeas petition which requires the Circuit's permission to proceed. 28 U.S.C. § 2244.

## PROCEDURAL HISTORY

In 1998, Petitioner Jackson was convicted of, among other offenses not relevant here, aggravated murder with death specifications. Following a sentencing hearing, his jury recommended the sentence of death, and the trial court adopted its recommendation. Jackson's convictions and death sentence were affirmed by the Ohio Supreme Court in 2001. *State v. Jackson*, 92 Ohio St. 3d 436, 438 (2001). His two motions for reconsideration and to reopen his direct appeal were both denied. *State v. Jackson*, 93 Ohio St. 3d 1453 (2001), and *State v. Jackson*, 94 Ohio St. 3d 1426 (2002), respectively.

Jackson also filed a post-conviction petition in the state court, which was denied by the trial court, and the Tenth District Court of Appeals later affirmed that decision. *State v. Jackson*, Case No. 01AP-808, 2002 WL 1379001 (Ohio Ct. App. 10th Dist. June 27, 2002). The Ohio Supreme Court denied further review. *State v. Jackson*, 97 Ohio St. 3d 1423 (2002).

Jackson's first federal habeas corpus petition was denied in September 2007, *Jackson v. Bradshaw*, Case No. 2:03-cv-983, 2007 WL 2890388 (S.D. Ohio Sept. 28, 2007) (Frost, J.), but Judge Frost granted in part Jackson's motion for a certificate of appealability, *Jackson v. Bradshaw*, Case No. 2:03-cv-983, 2008 WL 755097 (S.D. Ohio, Mar. 21, 2008) (entered *nunc pro tunc* 2008 WL 926572 (S.D. Ohio Apr. 3, 2008)). During the pendency of Jackson's appeal, the Sixth Circuit remanded the case to the district court for further briefing on an acquittal-first jury-instruction claim. After complying with the remand order, the district court recommended that relief be granted on that claim. On appeal, the Sixth Circuit denied relief on the remanded issue while affirming the district court's original decision denying habeas corpus relief. *Jackson v. Bradshaw*, 681 F.3d 753, 780 (6th Cir. 2012), *cert. denied sub nom. Jackson v. Robinson*, 568 U.S. 1145 (2013).

On January 12, 2016, the United States Supreme Court decided *Hurst v. Florida*, ___ U.S. ___, 136 S.Ct. 616 (2016). In *Hurst,* the Supreme Court held that Florida's capital sentencing scheme violated the Sixth Amendment right to a jury trial because it allowed a jury to "recommend" a sentence of death but permitted a judge to make the factual findings necessary to impose a death sentence. *Id*. at 619. The Sixth Amendment requires that a jury, and not a judge, find each fact necessary to impose a sentence of death. *Id*. at 621-22 (citing *Ring v. Arizona*, 536 U.S. 584 (2002)). By permitting a judge to determine whether aggravating circumstances existed to impose the death penalty, Florida's scheme contravened the jury's fact-finding duty under the

Sixth Amendment. *Id.*

On January 12, 2017, Jackson filed a motion for relief in the state supreme court pursuant to Ohio Supreme Court Rule of Practice 4.01,[1] which provides that "[u]nless otherwise addressed by these rules, an application for an order or other relief shall be made by filing a motion for the order or relief. The motion shall state with particularity the grounds on which it is based." In his motion, Jackson raised the *Hurst* issue he now advances in the instant habeas petition: that prosecutorial and trial court error combined to result in the jury's recommendation of the death sentence, and that the Ohio Supreme Court, though it acknowledged the errors, erroneously failed to remand his case for resentencing. Instead, the Ohio Supreme Court independently weighed the appropriate aggravating circumstances and mitigating factors pursuant to *Clemons v. Mississippi*, 494 U.S. 738 (1990). Jackson contends *Clemons* was significantly eroded by *Hurst*,[2] rendering appellate reweighing an improper cure for the sentencing error committed in the trial court. He contends, therefore, that the Ohio Supreme Court's judicial fact-finding usurped his Sixth Amendment right to a jury determination of whether the aggravating circumstances outweighed the mitigating factors to impose the sentence of death under *Hurst*.

The Ohio Supreme Court summarily denied Jackson's motion, and Jackson filed the instant petition for a writ of habeas corpus. The Respondent now moves to transfer Jackson's petition to the Sixth Circuit as a "second or successive" petition under 28 U.S.C. § 2244. Jackson denies the instant petition is "second or successive" and contends it is a second-in-time first habeas petition on the *Hurst* claim. Jackson's execution is scheduled for July 10, 2019.

---

[1] Jackson's motion and the Ohio Supreme Court's summary denial are available on the Ohio Supreme Court's website, www.supremecourt.ohio.gov, Case No. 1998-0726.
[2] Jackson contends that the Supreme Court in *Hurst* explicitly overruled the foundational cases upon which *Clemons* was premised. (Doc. 1-2 at 15, citing *Hurst*, 136 S.Ct. at 623-24).

3

## ANALYSIS

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). A district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. 28 U.S.C. § 2244(b)(1). In addition, the court must dismiss a claim presented in a second or successive petition which the petitioner did not include in the prior petition unless: (A) the petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (B) the factual basis for the claim could not have been discovered previously through the exercise of due diligence, and the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if the petitioner makes the *prima facie* showing described above. *Id.* The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance. *In re: Smith*, 690 F.3d 809 (6th Cir. 2012). If the petition is second or successive, the district court lacks jurisdiction to review the petition on the merits and must transfer it to the Sixth Circuit pursuant to 28 U.S.C. § 1631. "If, however, [the] application [is] not second or successive, it [is] not subject to § 2244(b) at all, and [the] claim [is]

4

reviewable." *In re Tibbetts*, 869 F.3d 403, 405 (quoting *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010)), *cert. denied sub nom. Tibbetts v. Jenkins*, 138 S.Ct. 661 (2018).

The phrase "second or successive" is not defined in the statute and is a term of art. *Magwood*, 561 U.S. at 332. Generally, to be "successive" within the meaning of the statute, the subsequent petition must relate to the same conviction or sentence under attack in the prior petition. *Id*. at 332-33.[3] A petition may be numerically second-in-time but not "successive" and therefore not subject to § 2244(b). As explained by the Sixth Circuit:

> It's true that not all second-in-time petitions are "second or successive." *Panetti v. Quarterman*, 551 U.S. 930, 944, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007). But this not-second-or-successive exception is generally restricted to two scenarios. The first is where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 645, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (noting that "in [such] situations, the habeas petitioner does not receive an adjudication of his claim").

*In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017). "A claim is unripe when 'the events giving rise to the claim had not yet occurred.'" *In re Tibbetts*, 869 F.3d at 406 (citing *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010)).

> The second is where a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485-86, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). *Slack* indicated that it would still be an "abuse of the writ" if a petitioner chose to proceed in federal court with his exhausted claims rather than return to state court with the unexhausted ones, but then later chose to file another federal petition raising the newly exhausted claims. *Id*. at 486-87, 120 S.Ct. 1595.

*In re Coley*, 871 F.3d at 457.

There is no dispute that this is Jackson's second-in-time habeas application. *See Jackson v. Bradshaw*, Case No. 2:03-cv-00983. Jackson contends the petition is nevertheless non-

---

[3] In *Magwood*, the petitioner's resentencing led to a new judgment and, therefore, "his first application challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply." 561 U.S. at 331.

5

successive, and therefore not subject to the limitations of § 2244(b), "based upon a newly ripened constitutional claim." (Doc. 7 at 1). Jackson asserts that his *Hurst* claim "only became ripe when the United States Supreme Court decided *Hurst* and the Ohio Supreme Court decided [*State v.*] *Kirkland*, [145 Ohio St.3d 1455 (2016),] retroactively applying *Hurst* in Ohio." (Doc. 1-2 at 5, PAGEID 36). He contends he is entitled to a § 2254 merits ruling because his *Hurst* claim was exhausted in the state court when he received a merits ruling by the Ohio Supreme Court prior to the filing of his "second-in-time first habeas petition." (Doc. 7 at 4, citing *Harrington v. Richter*, 562 U.S. 86 (2011) (presumption that the state court adjudicated claim on the merits in the absence of any indication or state-law procedural principles to the contrary)).

The Court determines that Jackson's *Hurst* claim is not a "newly ripened constitutional claim" and his second-in-time habeas corpus petition is successive. Whether a claim is ripe for purposes of the exception to the prohibition on second or successive petitions depends on whether the factual circumstance or predicate for the claim has matured between the time of the first and second petitions, not whether the law has changed or was unsettled during that same time period. For example, in *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998), the petitioner's *Ford*-based incompetency claim[4] was dismissed as premature in the first petition. The Supreme Court held that a numerically second petition alleging the same *Ford*-based incompetency claim was not a second or successive petition under § 2244(b) because execution was not imminent and competency to be executed could not be determined at the time of the first petition. The Court reasoned that the habeas petitioner had not received an adjudication of his claim and "[t]o hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Martinez-Villareal*,

---

[4] *Ford v. Wainwright*, 477 U.S. 399 (1986) (holding Eighth Amendment prohibited execution of prisoner who is insane).

523 U.S. at 645. The Supreme Court extended the reasoning of *Martinez-Villareal* to a case where the initial petition did not raise a *Ford* incompetency claim but it was raised in a subsequent petition. *See Panetti v. Quarterman*, 551 U.S. 930 (2007). The Supreme Court held that the subsequent petition raising the *Ford*-based claim was not "second or successive," even though the initial petition omitted the claim, because the claim was not ripe until the execution date was set since it was possible that the petitioner's mental capacity had diminished during his incarceration, rendering him incompetent for execution. *Id.*

In *In re Salem*, 631 F.3d 809 (6th Cir. 2011), which Jackson cites to support his ripeness argument, the Sixth Circuit determined that the petitioner's entrapment claim was similar to the *Ford* claim in *Martinez-Villareal* as neither claim was ripe for review when presented in the initial habeas petition. The Sixth Circuit reasoned that an entrapment claim could only be assessed based on evidence from a *constitutional* hearing, which had not yet occurred, and "there was a possibility that additional evidence would be adduced" at a new, constitutional hearing. *Id.* at 813. Thus, the petitioner's entrapment claim depended upon factual circumstances that had not yet occurred and the petition was not considered "second or successive." Similarly, in *In re Jones*, 652 F.3d 603, 605-06 (6th Cir. 2010), the Sixth Circuit determined that the petitioner's second-in-time *ex post facto* claim regarding amendments to Michigan's parole system was not barred as successive. The Court determined that the *ex post facto* claim was not ripe when his original petition was filed because the changes to the state's parole system had not yet been implemented. 652 F.3d at 605.

The *Hurst* claim brought by Jackson is distinguishable from the competency-to-be-executed claims and other unripe claims outlined above. In those cases, the factual bases for the petitioner's habeas claims had not yet matured when the first petition was filed. Here, in

7

contrast, Jackson's *Hurst* claim depends not on a factual predicate that has not yet matured, but on a change in the law giving rise to a new claim. The facts underlying Jackson's *Hurst* claim – the Ohio Supreme Court's alleged unconstitutional reweighing of the aggravating circumstances and mitigating factors – matured at the time it rendered its 2001 decision upholding Jackson's conviction and sentence. The only thing that changed between Jackson's first and second habeas petitions was the intervening legal ruling by the Supreme Court in *Hurst*, which does not constitute a new factual predicate giving rise to a new claim for relief. *Coley*, 871 F.3d at 457-58. In making this finding, the Sixth Circuit in *Coley* specifically rejected the argument made by Jackson here—that the *Hurst* claim "only became ripe when the United States Supreme Court decided *Hurst*" (Doc. 1-2 at 5, PAGEID 36):

> What the exception *cannot* mean is what Coley claims it means: that a petition is not second or successive whenever it relies on a rule that did not exist when the petitioner filed his first petition. *See In re Tibbetts*, 2017 WL 3204732, at *2 (6th Cir. July 24, 2017). That is precisely the scenario that § 2244(b)(2)(A) addresses, where a petitioner brings a claim relying on a new rule of constitutional law. Under Coley's proposed approach, the second-or-successive exception "would considerably undermine —if not render superfluous—" the second-or-successive rule. *Magwood v. Patterson*, 561 U.S. 320, 335, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010).

*In re Coley*, 871 F.3d at 457-58. *See also Fears v. Jenkins*, No. 2:17-cv-029, 2018 WL 1531494, at *2 (S.D. Ohio Mar. 29, 2018), *appeal dismissed sub nom. In re: Angelo Fears* No. 18-3279, 2018 WL 3201847 (6th Cir. Apr. 16, 2018) (rejecting petitioner's argument that Supreme Court's decision in *Hurst* was a new "factual predicate" that did not exist when his original habeas petition was filed); *Henness v. Jenkins*, No. 2:14-cv-2580, 2018 WL 1100876, at *5 (S.D. Ohio Feb. 27, 2018) (finding petition raising *Hurst* claim second or successive).

Jackson attempts to distinguish this case from *Coley* and other cases from the Southern District of Ohio because he exhausted his *Hurst* claim in the Ohio Supreme Court and that court ruled on the merits of his *Hurst* claim. However, Jackson has not cited, and this Court has not

found, any legal authority indicating that exhaustion of a claim in the state court converts a second-or-successive petition into a second-in-time first petition.

In addition, there is recent authority from the Northern District of Ohio that undermines the argument Jackson makes in this case. The Court finds instructive the decision in *Bryan v. Shoop*, No. 1:18CV591, 2018 WL 2932342, at *2 (N.D. Ohio June 12, 2018), a habeas case presenting a *Hurst* claim under circumstances similar to the procedural posture of Jackson's case. In *Bryan*, the court rejected the ripeness argument that Jackson advances here – that a *Hurst* claim did not become ripe until the United States Supreme Court decided *Hurst* and the petitioner returned to the Ohio courts to pursue this claim. The *Bryan* court reasoned:

> [T]he facts underlying Bryan's *Hurst* claim matured no later than his direct appeal in 2004, when the state supreme court engaged in the allegedly unconstitutional reweighing. The only arguable change that has occurred is a change in the law. But the Circuit has rejected the contention that "a petition is not second or successive when it relies on a rule that did not exist when the petitioner filed his first petition." *Coley, supra*, 871 F.3d at 457.
>
> Bryan responds that *Coley* is distinguishable because the petitioner in that case had not exhausted his *Hurst* claim, whereas Bryan already presented this claim to the Ohio courts. (Doc. 11 at 9, 11). But *Coley* did not turn on whether the *Hurst* claim was exhausted. The case depended, rather, on the court's holding that a new rule of constitutional law does not constitute a new factual predicate that, in turn, gives rise to a new claim for relief. *Coley, supra*, 871 F.3d at 457-58.

2018 WL 2932342, at *2. Therefore, Jackson's *Hurst* claim is not newly ripe merely because *Hurst* was decided after his first habeas petition was litigated and he had exhausted this claim in the state court.

In this case, the undersigned concludes that Jackson's petition for a writ of habeas corpus is "successive" within the meaning of § 2244(b) because his prior habeas petition was adjudicated on the merits, Jackson is not contesting any "new judgment" in this proceeding, and his *Hurst* claim is not a newly-ripened constitutional claim based on a factual predicate that

9

matured between the time of the first and second petitions. *Magwood*, 561 U.S. at 331; *Coley*, 871 F.3d at 457-58. Because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. Jackson filed this successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, and the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is obligated to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore, it is recommended that the petition be transferred to the Sixth Circuit for review and a determination of whether this Court should be granted authorization to entertain it.

## IT IS THEREFORE RECOMMENDED THAT:

Respondent's motion to transfer (Doc. 5) be **GRANTED** and Jackson's habeas corpus petition be **TRANSFERRED** to the Sixth Circuit as a successive petition within the meaning of 28 U.S.C. § 2244(b).

Date: 7/17/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KAREEM JACKSON,
    Petitioner,

vs.

TIME SHOOP, WARDEN
CHILLICOTHE CORRECTIONAL
INSTITUTION,
    Respondent.

Case No. 2:18-cv-215
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).